In the Matter of the Estate of NOAH S. SHEIFER, Deceased.

Surrogate's Court, New York County, March 25, 1942.

*Kirtland J. Keve*, for the petitioners.

*Leon London*, for Jules L. Wacht, as executor, etc., of Morris Sheifer, deceased, respondent.

*Herbert S. Shapiro*, for Barnett Sheifer and Emanuel Sheifer, respondents.

*Jules L. Wacht*, for Annette B. Cohen, as administratrix, etc., of Bithia Sheifer, deceased, respondent.

*John J. Bennett, Jr., Attorney-General*, for the State of New York.

DELEHANTY, S. Deceased provided a trust fund for his brother's benefit and directed that when the brother died certain disbursements were to be made from the capital of the fund. He directed one-half of the balance to be paid to his widow. The other half he made the source of two legacies aggregating $1,000, and then provided:

" C. The balance of said one-half trust fund after making the aforesaid two payments shall be paid and disposed of by my said executors and trustees to any charitable institution or institutions or to any person, persons, individual or individuals that my said executors and trustees seek (*sic*) fit and proper.

" I have the fullest confidence in my said executors and trustees that they are well aware of my wishes and that they will carry out my request faithfully and I further declare that the judgment of my executors and trustees in disposing of the said balance of the trust fund upon the death of my brother, except as otherwise provided in the within codicil, shall be final and conclusive and not be questioned in any court or proceeding by anyone whomsoever."

Deceased left surviving as his distributees only his widow and his brother. Both widow and brother are now dead. The question presented is whether the gift in the quoted text may be enforced. If it may not there is intestacy and the fund must be divided pursuant to the applicable subdivision of section 83 of the Decedent Estate Law. The trustees propose to make distribution to a person not related to the deceased, to certain relatives of the deceased and to certain institutions which are described as charities " and other worthy causes."

The gift cannot be upheld as a gift to charity. Under the terms of the will the executors and trustees are directed to distribute the funds to any charitable institution or institutions *or* to any person, persons, individual or individuals. The authority to distribute to any *person* or *individual* subjects the *whole* fund to a distribution for *private* purposes. " If * * * the gift * * *

is so indefinite and uncertain as to include uses which are not in a broad sense charitable and religious, but may be personal, private or selfish in their character, its benevolent purpose will not save it." (*Matter of Durbrow*, 245 N. Y. 469, 474. See, also, *Matter of Cunningham*, 206 id. 601, 605; *Matter of Beekman*, 232 id. 365.)

The court holds that there is no gift to the trustees as individuals and that neither of them has any beneficial interest in the fund. (*Reynolds* v. *Reynolds*, 224 N. Y. 429; *Gross* v. *Moore*, 68 Hun, 412; affd., 141 N. Y. 559; *Matter of Moller*, 178 N. Y. Supp. 682; *Matter of Keenan*, 107 App. Div. 234.) Deceased's intention was not to benefit the trustees but to benefit persons whom the trustees were to select apparently in accord with some declarations of the deceased to them. The trustees are described only in their fiduciary capacity and the will directs that the fund passing into their hands " shall be paid and disposed of by " them. An intention to vest a gift in fiduciaries must be plainly manifested. (*Forster* v. *Winfield*, 142 N. Y. 327.) Here the testator's words show that his intention was that his fiduciaries have nothing for themselves. The gift must be held void for uncertainty on the authorities hereinabove cited.

This conclusion leaves for consideration only the question whether the provisions made in the will for the widow bar her estate from participation in the intestate property. The will makes an outright gift to the widow and then states that the provisions in the will are " in lieu of dower right." The court holds that the widow's estate is not barred by reason of that text. (*Matter of Hayman*, 136 Misc. 199; affd., 229 App. Div. 853; affd., 256 N. Y. 557.)

The request for leave to abandon certain securities is granted.

Submit, on notice, decree construing the will and settling the account accordingly.