73 Ariz. 337 (1952)
241 P.2d 781
In re ROWLANDS' ESTATE.
DISCOMBE
v.
CUTHBERT et al.
No. 5424.
Supreme Court of Arizona.
March 17, 1952.
*339 Baker & Whitney, of Phoenix, for appellant.
William C. Eliot, of Phoenix, for appellees.
DE CONCINI, Justice.
This is an appeal by Maria Discombe from an order of the probate court approving a Decree of Distribution in the estate of Eva Rowlands, deceased. The appeal is from the order of distribution of the estate remaining after specific bequests had been distributed.
Eva Rowlands, a widow, died testate in Phoenix, Arizona on February 17, 1949. Her holographic will was dated April 26, 1948 and duly admitted to probate. The will provided for a number of specific bequests of personal property, i.e., jewelry, china, silver and household furnishings to certain named persons. Several of testatrix's husband's relatives living in Wales were remembered with money bequests. Other than those relatives by marriage, the only person to receive a money bequest in addition to any personal property was Maria Discombe who was the maid of the testatrix. The appraised residue of the estate is $38,000.
The will nominated "Lucy Cuthbert or Mr. Hugh Cuthbert, Sr., of Phoenix" to serve as Executor of the will and directed that no bond be required of such person. Mrs. Hugh (Lucy) Cuthbert, Sr., declined to serve and her husband petitioned for and was qualified as the executor.
The disputed portion of the will reads as follows: "* * * All things not mentioned in my Will I leave it up to Mr. and Mrs. Hugh Cuthbert, Sr. to distribute to any of my close friends. Please give generously to Maria Discombe who has been a faithful maid. * * * If I have not mentioned anything I ought to have mentioned I leave it to your judgments Mr. and Mrs. Hugh Cuthbert Senior. * * *"
The petition for decree of final account and distribution filed by Hugh Cuthbert Sr. proposed to distribute such residue to himself and his wife. Maria Discombe filed objection to this proposed distribution. The probate court, by minute entry, denied objector's petition, and ordered: "* * * that in pursuance of and according to the terms and provisions of the last will and testament of the said Eva Rowlands, deceased, duly admitted to probate as aforesaid, all the rest, residue and remainder of said estate consisting of the following described assets and any and all other property of any kind and character whatsoever belonging to the estate of said deceased, or *340 in which said estate may have any interest, be and the same is hereby distributed to Hugh T. Cuthbert, Sr., and Lucy Cuthbert, his wife. * * *."
Maria Discombe appeals from this portion of the final decree of distribution. Four assignments of error are presented to the effect that,
1. Any conveyance or gift to the Cuthberts was to them in their official capacity as executors or executor.
2. If there was any conveyance to the Cuthberts they took it as trustees for the benefit of Maria Discombe alone or for the testatrix's close friends.
3. There was a direct bequest of the residue to Maria Discombe and the "close friends".
4. The residue of the estate was bequeathed to Maria Discombe alone without the burden of a trust.
As to the first assignment of error, the will provided: "* * * I nominate Lucy Cuthbert or Mr. Hugh Cuthbert of Phoenix, Arizona, as executor of this my last will and testament. * * *" (Emphasis supplied)
Whereas the clause in question said: "* * * I leave it up to Mr. and Mrs. Hugh Cuthbert Senior."
Taking the words of the testatrix literally only one of the Cuthberts was named executor, whereas both were named to distribute the remainder of the estate. It follows then that the Cuthberts together did not take the estate as executors and therefore there is no merit to the first assignment of error. On the other hand the language of the will itself shows the clear intent that one of the Cuthberts was to be named executor. Precatory words directed to an executor indicate a trust while the same words to a devisee do not. Newhall v. McGill, 69 Ariz. 259, 212 P.2d 764.
As to the second assignment the question is, was there a trust? In this case it appears that there may have been an intention to create a trust. Newhall v. McGill, supra. If so, the trust fails for two reasons:
1. The beneficiaries "to any of my close friends" are uncertain.
2. The amounts to be distributed are uncertain; they couldn't be equal amounts because Maria was to get a generous part.
However, we believe the will created in the Cuthberts a special power in the nature of a trust to which the above rule does not apply, as is hereinafter set out.
It is here important to note that Eva Rowlands, as far as is known, left no heirs and therefore the residue of the estate if not governed by the will would escheat to the state. If there is no trust, then the "friends and Maria" will receive nothing, unless there was a direct bequest to them; or unless the clause in question created a *341 power of appointment as contended by the Cuthberts.
As to assignments of error Nos. 3 and 4, counsel for Maria Discombe cite no authority as to how this could be sustained as a direct bequest, either to the "close friends" or to Maria Discombe individually, nor do we think that was the testatrix's intent. Neither do we think there was a direct bequest to the Cuthberts, as they contend.
The Cuthberts contend that the will provides a beneficial power in them which is tantamount to a "general" power. Under a "general" power the donee may exercise it in his own favor and name himself as sole beneficiary. No special words are needed to create a power of appointment. In re Lidston's Estate, 32 Wash.2d 408, 202 P.2d 259. In Lyon v. Alexander, 304 Pa. 288, 156 A. 84, 85, 76 A.L.R. 1427, the court named nine classifications of powers and then said: "* * * For all practical purposes there may be said to be two marked differences in powers of appointment; they can be summarized as general and special powers. The general are those in which the donee of the power may appoint to any one, and the special, in which the donee of the power is restricted to passing on the property to certain specified individuals or to a specific class of individuals. In the latter case, there is a sound reason why the repository of the power should not be permitted to extinguish it, because the testator has indicated the persons to whom the property shall go, and there is reposed in the appointee of the power a confidence, something partaking of the nature of a trust; * * *."
The authorities are not in disagreement as to the distinction between general and special powers. Thompson on Wills, 3d edition, § 393, page 586; 3 Page, Wills, Lifetime Ed., vol. 3, § 1312, page 844; Thompson, Real Property, Powers, vol. 4, § 2275, page 818; 72 C.J.S., Powers, § 6, page 404.
We cannot agree with the Cuthberts that they hold a general power. The will names a "class of persons" and one "specific person" in whose favor the power of appointment is to be exercised. We hold therefore that the power of appointment held by the Cuthberts was a special power. 72 C.J.S., Powers, § 6, supra, says: "* * * a special power may be either discretionary or it may be coupled with a duty. A special power is discretionary where its exercise or nonexercise depends wholly on the volition of the grantee; it is coupled with a trust duty where its exercise is obligatory on the grantee. * * *" See also Merrill v. Lynch, 173 Misc. 39, 13 N.Y.S.2d 514.
An annotation in 80 A.L.R. 503, sums it up as follows: "All of the cases concede that a power is one in trust when the subject of the power is certain, when the objects are certain, and when the power is imperative. In strictness, a mere power is never imperative; it is permissive in character, *342 an authority personal to the donee which imposes no obligation upon him; yet a duty or trust may be imposed in terms of a mere power." (Emphasis supplied.)
In the instant case (1) the subject is certain, being the residue of the estate; (2) the objects are certain as a class "any of my close friends" and specific as to one of the class "Maria Discombe". It is discretionary as to which friends the Cuthberts may appoint and the amount they shall receive. There is no doubt the Cuthberts know one or more of the friends of the deceased. The word "any" means one or more of a number, Vol. 3 Words and Phrases, page 538. As to Maria Discombe however, it is not discretionary as she is named as a specific person to benefit under the will. (3) The remaining point is whether the power is imperative. We believe it is. We do not see how any construction can be put on the will which would completely ignore the testatrix's intent that Maria Discombe be treated generously.
"* * * No language of the will is to be ignored or treated as surplusage, unless no other conclusion is reasonably possible. * * *" Lyon v. Alexander, supra. [304 Pa. 288, 156 A. 86]
"* * * We are not at liberty to disregard plain words and say they are meaningless, unless, after a careful consideration of the entire instrument, it is not possible to give them any meaning. * * *" In re Mayer's Estate, 289 Pa. 407, 137 A. 627, 628.
"* * * Where, however, the power is coupled with a trust, which exists when by the instrument creating the power the execution thereof is made an imperative duty and is therefore regarded in equity as a trust to be carried out by the person to whom the power is given, a court of equity will compel the execution of the power on the same principle on which courts of equity will enforce any trust. * * *" People v. Kaiser, 306 Ill. 313, 137 N.E. 826, 828.
80 A.L.R. 504 quotes the following, with which we concur: "In Milhollen v. Rice (1878) 13 W. Va. 510, Green, President, speaking for the court, said: `As I understand the law deducible from the English and Virginia cases, three things are necessary to create a power in the nature of a trust: First, there must be certainty in the subject, that is, the property to be disposed of must be clearly defined; secondly, there must be certainty in the object, that is, the beneficiaries, where the power is executed, must be certain; but by this is not meant that the will must name definitely the individual person or persons who are to be the beneficiaries when the power is executed; but the will must point out a definite class, to one or more, or the whole, of which the donee of the power is to dispose of the whole, or a part, of the subject of the power; and lastly, the power must be imperative; but in using the word "imperative" it is to be understood in a sense somewhat different from its ordinary signification. *343 Its meaning as here used is that under the will it is his duty to execute the power; and it is to be borne in mind that it is always his duty to carry out the intent of the testator, as shown by the will, no matter in what language that intent may have been expressed; and if therefore the testator, either by express declaration or fair implication, shows that he wishes the power he has given to be executed, it becomes the duty of the donee to execute such power; and such power is then regarded as imperative in the sense in which I have used the word. If a testator confers a power by simply authorizing the donee to dispose of definite property to or among a definite class of persons, as the donee may think proper, such a power will be held to be imperative unless the testator by his will shows satisfactorily that he had no wish that such class, or any member of it, should be the objects of his bounty, unless the donee of the power desired. The mere giving of such power raises an inference that the testator desires it to be exercised, unless it be shown by clear words, or necessary implication, that the testator intended to relieve the donee of the power of the duty of executing it, which duty the mere grant of the power imposed upon him. This must be shown, and that the testator had in contemplation that the power might not be executed, and designed that it should not be if the donee thought proper to leave it unexecuted.'" (Emphasis supplied.)
As to the phrase, "any of my close friends" the testatrix apparently intended to leave it up to the Cuthberts whether they should exercise it or not but as to Maria Discombe it was imperative that the power be exercised. Therefore the power was coupled with a trust in favor of Maria Discombe.
We are not unmindful of the fact that the will discloses that the Cuthberts were among the friends of the deceased. If it were not for the specific mention of Maria Discombe the power would not be imperative and need not be executed. However, the reverse being true, the court will order the Cuthberts to exercise the power. The court cannot compel the Cuthberts to exercise their discretion in any particular manner or at all as to "any close friends" of the deceased but it will not allow them to ignore Maria Discombe. The Cuthberts could if they so desired ignore all the friends of the deceased except themselves, provided they gave "generously" to Maria Discombe.
The question of what the word "generously" means is not before the court. We are not able to ascertain that amount at this stage of the proceedings, because we do not know what amount will be left after the Cuthberts exercise their discretion, if they do, in distributing part of the estate to "any of the friends" of the deceased.
The case is reversed with instructions to the lower court to set aside the decree of *344 distribution of the residue of the estate to the Cuthberts; to instruct the Cuthberts to exercise their power of appointment and report to the trial court for the latter's approval, and if approved to distribute the estate accordingly.
Reversed and remanded with directions.
UDALL, C.J., and STANFORD, PHELPS and LA PRADE, JJ., concur.