ROBERTS TUNIS *Ex'r* v. VIRGINIA H. DOLE & a.

*Sulloway, Piper, Jones, Hollis & Godfrey* and *Irving H. Soden* for the executor, filed no brief.

*Philip H. Faulkner* and *George R. Hanna* (*Mr. Hanna* orally), for Malcolm Strachan.

*McLane, Davis, Carleton & Graf* (*Mr. John R. McLane, Jr.* orally), for Rosamond H. Whitney and Henry O. Houghton.

*Howard B. Lane* (by brief and orally), for Virginia H. Dole and Alexander W. Dole.

*Francis G. Moulton* (by brief and orally), for John Hawes and Ellen Hawes.

KENISON, C. J.  I.  The first sentence of the eighth item of the will gives the executor the right to select certain articles of personal property to be his absolutely.  However, this is followed by a statement of confidence on the part of the testatrix that the executor will select articles which she may indicate by memorandum or otherwise and that the executor will dispose of them in accordance with her wishes as expressed in such memorandum or otherwise. At the time the will was executed the executor was one of the residuary devisees but in a codicil he was eliminated as a residuary devisee.  It does not appear from the reserved case that the testatrix left any memorandum or other instructions.  This eliminates any question of incorporation by reference.  *Hastings* v. *Bridge*, 86 N. H. 172, s. c. 247; *Souhegan Bank* v. *Kenison*, 92 N. H. 117.

There are several indications from the will that the testatrix did not intend to make a beneficial gift to the executor.  The selection and distribution of the articles of personal property were to be made in accordance with the testatrix' wishes and not according to the executor's own personal wishes.  Furthermore, the executor was not an object of the testatrix' bounty when item eighth is construed in the light of the codicil eliminating him as a residuary devisee.  Therefore, item eighth cannot be construed as making an outright gift to the executor.  Anno. 104 A. L. R. 114; 151 A. L. R. 1438.  If this clause of the will is construed as creating a trust, it fails from indefiniteness.  *Clark* v. *Campbell*, 82 N. H. 281; *Uloth* v. *Little*, 321 Mass. 351.

The guiding principles which control this construction of the will have been well stated in Restatement of Property, s. 323, *comment e:* "Testamentary gifts to executors 'to distribute.'  Occasionally a testator provides that certain property shall pass to his executors and adds 'to be distributed by them as they deem advisable' or 'to be disposed of as they think will be in accordance with my wishes' or some similar clause.  Such a clause may have one of several legal effects, (1) If, as a matter of construction, it is determined that the testator intended the executors to benefit personally from the gift, such a clause may be held (a) to be an outright gift to the executors, or (b) to create in the executors a general power of appointment presently exercisable.  The former holding is rarely justified since it necessarily treats as surplusage the words of the will which provide for distribution and hence violates the canon of construction that all words of a will are to be given effect if possible.  (2) If, as a matter of construction,

it is determined that the testator did not intend the executors to benefit personally from the gift, such a clause is an attempted trust for indefinite beneficiaries and hence void (see Restatement of Trusts, s. 122). Conceivably such a clause could be held to create a power to appoint the property to any persons other than the executors; but it is on the whole preferable to allow the property to pass as part of the residue or by intestacy rather than to attempt to carry out a highly doubtful testamentary intent by any such unusual device.

". . . The following are examples of indicia of intent commonly found. If the will indicates that the executors are not to distribute according to their own personal wishes but according to their knowledge of the testator's desires or any other standard, the inference is strong that a benefit to the executors was not intended . . . . If the executors are natural objects of the testator's bounty this tends to indicate that a beneficial gift was intended; but if one of the executors is a corporate fiduciary the contrary conclusion is almost irresistible.

"If the will provides that the executors are to make distribution in accordance with directions previously given to them by the testator, there is an attempted trust which fails under the statute of wills unless the directions previously given comply with the formal requirements imposed by that statute (see Restatement of Trusts, s. 154, Comment d)." The answer to the first question transferred is no.

II. Under the provisions of the sixth item of the will certain books on the arts, Chinese pottery, metal work and carvings were bequeathed to the Curator of Asiatic Arts of the Boston Museum of Fine Arts "as he may desire." Since these articles were specifically bequeathed, they do not pass under the residuary clause which disposes of certain books and pictures and, for the reason already advanced, they are not disposed of by the eighth item of the will which purported to give the executor the right to select certain articles of personal property. The answer to the second question is no.

III. The testatrix owned real estate both in the Commonwealth of Massachusetts and in New Hampshire in each case subject to mortgage given by her. The will contains no provisions relative to payment of mortgages on the real property devised but only the usual provision for the payment of just debts and a direction that all taxes shall be paid out of the residue of the estate. Since the

will does not indicate whether the mortgage indebtedness is to be assumed by the devisees or paid out of the personal estate, the operative effect of the will as to the nature of the estate devised is determined by the law of the state in which the land is located. 2 Beale, Conflict of Laws, s. 251.3; *Blaine* v. *Dow*, 111 Me. 480; Restatement, Conflict of Laws, ss. 249, 251 (2); See *Eyre* v. *Storer*, 37 N. H. 114. The devise of the Massachusetts property is governed by the law of that Commonwealth (G. L. (*ter. ed.*) c. 191, s. 23) so that the devisee receives only the interest the testatrix had at the time of her decease over and above the mortgage thereon. *Goodfellow* v. *Newton*, 320 Mass. 405, 409. The present case does not involve the interpretation of doubtful language in the will which question would be determined by New Hampshire law where the testatrix was domiciled. *Harris* v. *Ingalls*, 74 N. H. 339, 345; *Jackman* v. *Herrick*, 178 Iowa 1374.

In the absence of a contrary intention expressed in the will, a devisee of real property in this state is entitled to have the mortgage paid out of the personal estate where there are sufficient assets. See R. L., c. 353, s. 16; 120 A. L. R. 577. The executor is bound to exonerate the New Hampshire real estate from any liability on account of any mortgages made by the testatrix since there is no statute or testamentary provision changing this common law rule. *Cf.* Model Probate Code, s. 189 and comment (1946); 40 Harv. L. Rev. 630.

IV. Various provisions of the will and codicils bequeath certain sums of money or certain shares of Houghton Mifflin stock. In all such bequests the stock is treated as worth one hundred dollars a share. This raises the question whether a bequest in the alternative of cash or certain shares of stock gives the right of selection to the legatee or the executor. Except for an occasional or ancient dictum, there is little direct authority in point. *Jacques* v. *Chambers*, 2 Coll. 435 [1846]; *In re Mizener's Estate*, 262 Pa. 62; *In re Connolly's Estate*, 166 Pa. Super. 383.

The usual and ordinary meaning that would be given to a gift of cash or securities is that the legatee had the right to choose one or the other. The fact that the testatrix made several cash bequests without the alternative of securities is some indication that the alternative bequests were intended to be at the option of the legatees. There is nothing in the will to indicate that the executor was the one to decide whether cash or stock was most beneficial to the

legatees so that the implied right of selection rests with the individual legatees.

*Case discharged.*

All concurred.