427 P.2d 556

**FIRST NATIONAL BANK OF ARIZONA, a National Banking Association, and Nicholas Neal Siciliano, Larry Ray Lawrence, Celia Faith Ford, Raymond Matthew Ford and William Clayton Ford, Minors,**

**and**

**All Unborn Children of the Plaintiffs, Appellants,**

**v.**

**Rosemary Davison TAYLOR, Margaret Davison Lawrence and Penny Davison Ford, Appellees.**

**No. 2 CA–CIV 322.**

Court of Appeals of Arizona.

May 16, 1967.

Review Denied June 13, 1967.

Wood & Platt, by George Wood, Coolidge, and Tom Fulbright, Florence, for appellants.

Laney, Randolph, Warner & Angle, by Lynn M. Laney, Sr., Phoenix, for appellees.

MOLLOY, Judge.

Appellees have called our attention to a statute, overlooked in our previous opinion heretofore rendered, which calls into question some of the reasoning expressed in that

opinion. The statute is A.R.S. § 14–101(1) which reads as follows:

"In this title, unless the context otherwise requires:

"1. 'Children' includes descendants of every degree, but they shall be counted only for the child they represent."

Part of the reasoning expressed in the decision rendered by this court laid some emphasis, and, as we now believe, undue emphasis, in view of the obviously semantical nature of the rationalization, upon the word "child" as contained within the statute here under construction, A.R.S. § 14–104.

Though we confess error in overlooking the statutory language quoted above, further consideration, which has included a review of the language of Arizona's "spendthrift trust" statute at the time of its original adoption (called to our attention by the appellants in their objections to motion for rehearing) causes us to adhere to our previously rendered opinion.

As we noted in our previous opinion, the statutory provision under consideration appears to have first seen the light of day in our codified law in the 1901 Code, § 4232, which at that time read, insofar as pertinent to the immediate problem, as follows:

"Should any *father or mother*, in consequence of the idleness, dissipation or extravagance of his or her *child or children*, apprehend that his, her or their estate will be squandered if left to their management or control, it shall be lawful for such *father or mother,* by last will and testament, to leave such estate in the hands of trustees, to be appointed by said will, which trustees shall have the entire management and control of said estate, the profit of which, after deducting expenses of said management, shall be paid over to the *child or children* entitled to the same for his, her or their maintenance and support; * * * and, if the *child or children* entitled to such estate, or any part thereof shall, at any time, make it appear to the satisfaction of said court that the causes for leaving said estate in trust no longer exist, and that there is no danger of its being squandered by idleness, dissipation or extravagance, it shall be the duty of said court to dissolve said trust, and place the said estate in the hands of the person or persons who would have been entitled to the same had such trust not been created." (Emphasis added)

We believe the wording of the original statute supports our previously expressed conclusion that, when the "causes" for a testamentary "spendthrift" trust include provision for the welfare of minor and/or unborn grandchildren as residuary beneficiaries, the legislature did not intend that the interests of these grandchildren in the trust should be judicially nullified merely because one of the "causes" of the testamentary trust (the profligacy of the children) should cease to exist. We believe it appropriate to look to the original statute for assistance in view of the lack of clarity of the statutory language under construction. City of Mesa v. Killingsworth, 96 Ariz. 290, 394 P.2d 410 (1964).

In their motion for rehearing, the appellees suggest that at the very least this court should order the termination of the trust as to the life estate of the children of the testator. To do this, as we see it, would be a partial, though not a complete, frustration of the testator's intent regarding the grandchildren. The wise management of this estate during the lives of the initial beneficiaries and the determination of the extent, if any, that the corpus should be invaded for these first beneficiaries, has been reposed by the testator in an impartial and well-qualified trustee. While the children who are beneficiaries may be fully competent to manage the estate wisely, this was not the choice of the testator, and we conceive it to be the duty of the court to carry out, if possible, the wishes of the testator. In re Harber's Estate, 99 Ariz. 323, 409 P.2d 31 (1965).

The motion for rehearing is denied.

HATHAWAY, C. J., and KRUCKER, J., concur.