448 P.2d 435

In the Matter of the TRUST ESTATE of Charles V. WILLS, Deceased.

William D. BAKER, Guardian of the Estate of Anna D. Herman Wills, an incompetent, Appellant,

v.

The FIRST NATIONAL BANK OF ARIZONA, a National Banking Association, as testamentary trustee of the Estate of Charles V. Wills, deceased, Appellee.

No. I CA–CIV 566.

Court of Appeals of Arizona.

Dec. 17, 1968.

Rehearing Denied Jan. 16, 1969.

tional rights. See State v. Yough, 49 N.J. 587, 231 A.2d 598 (1967); McGee v. State, 230 Ind. 423, 104 N.E.2d 726 (1952).

Rawlins, Ellis, Burrus & Kiewit, by Michael A. Curtis, Phoenix, for appellant.

Caine, Brigham & Hocker, by Bernard T. Caine and L. Dennis Marlowe, Tempe, for appellee.

KRUCKER, Judge.

Appeal from an order of the Superior Court of Maricopa County which approved the Final Account and Petition for Discharge of the First National Bank of Arizona, trustee of a trust created by the terms of the Last Will and Testament of Charles V. Wills.

This appeal was directed to the construction of paragraphs XII of the aforesaid Will given by the trial court, and these paragraphs read as follows:

"XII. I give and bequeath two thousand (2,000) shares of the total number of shares of common stock in the PHELPS DODGE CORPORATION that I own at the time of my death to my Trustee, hereinafter named, IN TRUST NEVERTHELESS, to and for the uses and purposes following:

(a) To pay over to my wife, ANNA D. WILLS, in satisfaction of the fur-

ther provision found at numbered paragraph 1, page 2, of said PRENUPTIAL AGREEMENT, the sum of FOUR HUNDRED FIFTY ($450.00) DOLLARS per month from the income of said trust, during her lifetime, the first payment to be made as soon as said trust has been established, and in an amount at least equal to FOUR HUNDRED FIFTY ($450.00) DOLLARS times the number of months since my death, less any amounts paid to my wife as a widow's allowance under order of court, as provided in numbered paragraph 8, page 4, of said PRENUPTIAL AGREEMENT.

(b) To use so much of the corpus of said trust as may be necessary to make said monthly payments; and to pay over to my wife, ANNA D. WILLS, such additional amounts as it shall deem proper and just in the event of sickness, hospitalization, or other incapacity of my wife, and to use any part of the principal of this trust for such purposes, or for any other emergencies pertaining to her health and care that might arise."

\* \* \* \* \* \*

Anna D. Wills was in a poor state of health at the time her husband's will was made, and she was placed in a nursing home shortly before his death in January, 1964. In February, 1964, appellant was appointed guardian to Mrs. Wills, and from that time until July of 1965, guardian incurred approximately $8,300 in expenses connected with medical treatments for Mrs. Wills. In July of 1965, the guardian made a request upon the trustee, requesting that the trustee reimburse the guardian for the medical expenses. The trustee declined this request.

The medical expenses for the care of Mrs. Wills continued, and in November, 1965, the guardian again requested reimbursement from the trustee in the amount of approximately $2,000 which had been expended by the guardian since July, 1965 in providing medical care for Mrs. Wills. The trustee complied in part with this request, paying a portion of the demand.

An additional demand was made upon the trustee in the amount of $225, and this was paid by the trustee in December of 1965. On December 29, 1965, Mrs. Wills died.

The death of Mrs. Wills was the event which terminated the trust created under the Last Will and Testament of her husband, and on March 16, 1966, the trustee filed its final account and petition for distribution. This petition was contested by the guardian, and on November 7, 1966, the final account was approved as rendered and the petition for distribution was granted.

The guardian has appealed from the decree approving the final account and ordering distribution of the assets, claiming that the estate of Mrs. Wills was entitled to reimbursement from the trustee for all sums expended in the procurement of medical care for Mrs. Wills during her lifetime. The total requests made by the guardian upon the trustee for these medical expenses amounted to $10,495.57, and the total amount paid by the trustee pursuant to these requests was $1,081.25. During the period of trusteeship the guardian was paid a total of $10,605.00 in monthly payments of $450, in addition to the payments made by the trustee for medical expenses.

The guardian's claim is for $9,414.32, the difference between its expenditures for medical care for Mrs. Wills and the amount by which it was reimbursed by the trustee.

It is the guardian's position that the above-quoted portion of the trust instrument obliged the trustee to pay all of Mrs. Wills' medical expenses which arose after the trust became effective, so long as these expenses were reasonably necessary for her health, and that the trustee abused its discretion in declining to reimburse the guardian for these expenses in that the trustee considered the fact that the guardianship estate had sufficient liquid assets to pay for these expenses itself.

In seeking to affirm the decree of the trial court, it is the position of the trustee

that its refusal to pay these expenses was in the proper exercise of its discretion, and as a further reason for affirmance, the trustee suggests that the trial court could have ruled in its favor below for the reason that the guardian had no standing to object to the final account and the petition for distribution.

To counter the latter theory, the guardian, who is as well the administrator of the estate of Mrs. Wills, has petitioned this court to permit a substitution of the administrator for the guardian. This petition was submitted subsequent to oral argument in this proceeding, and it has been vigorously opposed by appellee.

While the propriety of such a petition at this stage of the proceedings may well be questioned, we do not find it necessary to pass on the matter in this case. Even if the petition were to be granted, we are of the opinion that the decree of the trial court should be affirmed on the substantive issues raised in this appeal.

Mr. and Mrs. Wills were married late in life, and each of them had children by prior marriages. The remainder under the trust created by the will of Mr. Wills was designated to his heirs; the estate of Mrs. Wills was not to accrue to the benefit of Mr. Wills' heirs. The prenuptial agreement between Mr. and Mrs. Wills provided that if Mr. Wills pre-deceased his wife, she was to have from his estate a monthly sum in the amount of $300; the trust instead provided that Mrs. Wills should receive a monthly payment of $450. At the time his will was drawn, Mr. Wills was well aware of the problems that his wife was having and would continue to have in relation to her health.

■ In the construction of the will, the paramount consideration is that the intent of the testator be determined, and, if possible, made effective. First National Bank of Arizona v. Taylor, 5 Ariz.App. 422, 427 P.2d 556 (1967). Determination of the testator's intent is to be made upon a consideration of the instrument as a whole, and, when necessary or appropriate, the circumstances under which the will was executed. Newhall v. McGill, 69 Ariz. 259, 212 P.2d 764 (1949); In re Estate of Gardiner, 5 Ariz.App. 239, 425 P.2d 427 (1967).

Here the will provided that a monthly sum of $450 was to paid to Mrs. Wills, and the trustee was:

"* * * to pay over to my wife, ANNA D. WILLS, such additional amounts as it shall deem proper and just in the event of sickness, hospitalization, or other incapacity of my wife. * * *"

It is the guardian's position that this provision constituted a gift to Mrs. Wills, and that the trustee was required to pay on her account any medical expenses which the trustee should determine to be proper and just.

■ We are of the opinion that this provision does not avail itself of such a construction. By the very language of the will the trustee was to determine, not proper and just medical expenses, but proper and just *additional amounts* to be paid to the wife in the event of her illness or incapacity. The briefs of counsel for both parties demonstrate, more than anything else, the semantic no-man's-land into which the courts of various states have placed provisions of this type; "need", "necessary", "pay", and various other terms have become linguistic touchstones, the use of which is said to facilitate the ascertainment of the testator's intentions. While the meanings attributed to these terms by the various courts may, indeed, be helpful in making such a determination, we are not convinced that the isolation and examination of a single term or set of terms, by itself, is sufficient to lead to a proper determination of intent. In re Estate of Daley, 6 Ariz. App. 443, 433 P.2d 296 (1967). It is of more importance that the language of the testator be taken as a whole and in context.

In so doing, and regardless of whether the circumstances at the time the will was executed are considered or not, we are of the opinion that, as to the additional amounts to be paid to Mrs. Wills in the event of her illness or incapacity, the trustee was invested with discretion to determine these amounts, limited by what was proper and just.

Guardian has asserted as a further ground for reversal that even if the trustee were invested with this discretion, that it was an abuse of discretion for the trustee to decline reimbursement on the basis that the guardianship estate had sufficient liquid assets to provide the needed medical care for Mrs. Wills.

A trustee, in exercising discretion granted by the terms of the trust instrument, is under a duty to do so in good faith so as to protect the interests of all the beneficiaries of the trust. Bulla v. Valley National Bank of Phoenix, 82 Ariz. 84, 308 P.2d 932 (1957). In addition to Mrs. Wills, the trustee had to consider the remainder interests of the heirs of Mr. Wills. These heirs were not to partake of the estate of Mrs. Wills, and, therefore, the trustee was compelled, in accepting or declining the requests for reimbursement by the guardian, and in making a determination of proper and just additional payments for the medical benefit of Mrs. Wills, to consider the interests of these heirs as well as the interest of Mrs. Wills. The trustee determined that it would be proper and just to make additional payments for medical expenses only to the extent that the guardianship estate of Mrs. Wills was unable to provide this care by using liquid assets of its own.

Where a trustee is invested with discretion in the administration of his trust,

the exercise of this discretion is not subject to control by the courts unless it is shown that an abuse of discretion has taken place. Restatement of Trusts, Second, § 187.

"If discretion is conferred upon the trustee in the exercise of a power, the court will not interfere unless the trustee in exercising or failing to exercise the power acts dishonestly, or with an improper even though not a dishonest motive, or fails to use his judgment, or acts beyond the bounds of a reasonable judgment. The mere fact that if the discretion had been conferred upon the court, the court would have exercised the power differently, is not a sufficient reason for interfering with the exercise of the power by the trustee. * * *" Restatement of Trusts, Second, § 187 comment e.

Considering the conflicting interests to be served by this trust, the fact that the absolute payments exceeded the prenuptial amount by $150 per month, the fact that the preservation of Mrs. Wills' estate would necessitate a reduction in the interests of the remaindermen under the trust, and fact that the total of all payments by the trustee to the guardian was greater than the total of all sums expended by the guardian during the life of the trust, we are of the conclusion that the trustee did not abuse its discretion in setting up the foregoing criterion to determine when additional amounts should be paid for the benefit of Mrs. Wills.

The order approving the final account of the trustee is hereby affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.