19 Ill. App.3d 662 (1974)
312 N.E.2d 348
In re ESTATE OF KENNETH A. SCHAAF, Deceased  (BRUCE THOMSON, as Special Adm'r, Plaintiff,
v.
ELSIE L. NICOL, as Ex'r and Trustee, Defendant-Appellee)  (ST. LOUIS NATURAL HYGIENE SOCIETY et al., Defendants-Appellants.)
No. 12440.
Illinois Appellate Court  Fourth District.
June 3, 1974.
*663 Foreman, Rammelkamp, Bradney, Hall & Dahman, of Jacksonville (James R. Reilly, Jr., of counsel), for appellants.
Robert C. Hemphill, of Jacksonville, for appellee.
Judgment affirmed.
Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:
This is an appeal from a decree interpreting Item 6 of the will of Kenneth A. Schaaf, probated on March 31, 1971, which held, in essence, that the executor of said will, Elsie L. Nicol, held a valid testimentary, special, exclusive power of appointment to appoint certain described property and the residue of the estate to organizations to which she knew decedent to be interested in contributing. We agree with that interpretation.
Item 6 of the will provides:
"I hereby bequeath the property located at 206 Hart Street, Franklin, Illinois, together with the two (2) lots on East Street adjoining the rear of this property, together with the residue of my Estate to Mrs. Elsie L. Nicol under the following conditions: This property together with the personal property contained therein is to be transferred to her name, together with the residue of my Estate which shall be used for the upkeep and expenses involved in handling the property. It is my wish that if Mrs. Nicol so desires, she may sell, at any time, any of the personal property or real estate heretofore mentioned and that the proceeds from the sale of same be given to the organizations in which she knows I am interested in contributing.
In case of the decease of Mrs. Elsie L. Nicol before all the real estate, property, or residue of my Estate has been sold or disposed of in the way I have herein set forth, it is my wish that the remainder of my Estate, as set forth in Item 6 of this Will, be sold at private auction and the proceeds from such sale be divided equally among the following:

*664 1. St. Louis Natural Hygiene Society, St. Louis, Missouri
2. Missouri League for Humane Education, St. Louis, Missouri
3. American Natural Hygiene Society, Chicago, Illinois
4. Natural Food Associates, Atlanta, Texas
5. Anti-Cruelty Society, 157 W. Grand Avenue, Chicago, Illinois
6. Illinois Citizens' Animal Welfare League, Chicago, Illinois
7. National Health Federation, Monrovia, California
In other words, Mrs. Nicol will act on my behalf as an overseer in disposing of the above mentioned real estate and personal property according to the personal instructions I have given her for handling same."
In interpreting this provision the trial court made the following findings:
(1) The testator did not intend any of the clause provisions to benefit Mrs. Nicol personally; (2) The clause created in Mrs. Nicol a power in the nature of a trust; (3) The objects of the class are known to Mrs. Nicol and consist of organizations in which she knew the decedent to be interested in contributing; (4) The power given to Mrs. Nicol is a special power limited to a defined class; and (5) If the property is not appointed by Mrs. Nicol during her lifetime then the seven named organizations will become the beneficial owners thereof.
 1 It is obvious from an analysis of Item 6 that the testator intended to create a special, exclusive, testamentary power of appointment and not a trust or a power in trust. Indeed, no particular words are necessary to create a power, and the power may be created by implication where it appears from the will that the power was intended to be created. (See 30 Ill.L.&Pr. Powers § 3 (1957); Simes, Handbook of the Law of Future Interests, § 59 (2d ed. 1966).) The intent in the instant case is clear for the testator states that "if [Mrs. Nicol] so desires, she may sell, at any time, any of the personal property or real estate heretofore mentioned and that the proceeds from the sale of same be given to the organizations in which she knows I am interested in contributing." The giving of such discretionary power ("If she so desires") is clearly characteristic of a power of appointment and not a trust of a power in trust, for the latter generally impose mandatory duties on the trustee. (See 72 C.J.S. Powers §§ 1, 6 (1951); 30 Ill.L.&Pr. Powers, § 2 (1957).) The fact that the testator felt it necessary to specify the seven named charities as takers in default of appointment ("in case of the decease of Mrs. Elsie L. Nicol before all the [property] * * * has been sold or disposed of in the way I have herein set forth") is further indicative of the testator's intent to create a power of appointment.
 2-5 The findings of the trial court are consistent with the above *665 conclusion that the testator intended to create a testamentary, special, exclusive power of appointment. The trial court found that the testator did not intend to benefit Mrs. Nicol personally. However, Mrs. Nicol, the grantee of the power, need have no beneficial interest in the subject matter of the power to have a valid power to appoint the beneficial interest. (See 72 C.J.S. Powers § 7 (1951); 30 Ill.L.&Pr. Powers § 2 (1957); Palmer, The Effect of Indefiniteness on the Validity of Trusts and Powers of Appointment, 10 U.C.L.A.L. Rev. 241, 272 (1963).) Indeed, the testator specifically transferred to Mrs. Nicol legal title to the property, an act consistent with the traditional idea of a power of appointment being an event whereby the equitable ownership of property shifts to a transferee by the terms of the instrument creating the power. (See Simes, Handbook of the Law of Future Interests § 55 (2d ed. 1966).) The fact that legal title lies in the donee of the power does not transform the power into a trust, but is simply a convenient vehicle to facilitate a sale of the property involved. The trial court also found the power given to Mrs. Nicol to be a special power limited to a defined class known to Mrs. Nicol. This is consistent with the general definition of a special power of appointment as "exercisable only in favor of persons or a class of persons designated or described in the instrument creating the power." (72 C.J.S. Powers § 6 (1951).) The record substantiates this conclusion in that Mrs. Nicol stated at the hearing that she knew the organizations in which decedent was interested. The trial court further found that if the property is not appointed by Mrs. Nicol in her lifetime, then the seven named organizations will become beneficial owners thereof. This is simply a finding that there exists a provision for takers in default should Mrs. Nicol exceed the discretion given to her under the power or should she die before the power is exercised, a common provision inserted in a power of appointment. The trial court then found the disposition in Item 6 to be "a power in the nature of a trust." This is obviously true of all powers because of the fiduciary duties involved. Hence, if a power is exercised, the directions of the donor must be carried out, thus giving the power certain characteristics of a trust. (See 72 C.J.S. Powers § 1 (1951).) This similarity does not, however, automatically change a power into a trust.
The testator then intended to create a testamentary, special, exclusive power of appointment. It is testamentary in that it was created by the will of the testator. It is special in that the number of possible takers is limited to a defined class specified in the will, and it is exclusive in that the will gives Mrs. Nicol complete discretion to appoint property to any particular class member in any amount she desires or to not appoint any property whatsoever.
*666  6 Having arrived at the testator's intent, we must next decide whether the attempted creation of the power was valid. It is contended that the power in the instant case is invalid because of the indefiniteness of the beneficiaries in the class. This argument, however, is lacking in merit and simply confuses the law of trusts with the law of powers. It has been stated that "* * * In power law, there is no basis for invalidity analogous to the definite beneficiary rule in the trust area. Beyond the requirement that the testator must furnish a standard whereby appointees can be identified as falling within the designated class, there is no requirement as to size or specificity of the class of potential appointees." (Citations omitted.) (Emphasis added.) (Comment, Wills  Devise to Executor for Further Distribution  Application of Trust and Power Doctrines, 56 Mich. L. Rev. 1167, 1172 (1958). See also Watts's Estate, 202 Pa. 85, 51 A. 588; In re Dormer's Estate, 348 Pa. 356, 35 A.2d 299; Baldwin v. Davidson, 37 Tenn. App. 606, 267 S.W.2d 756; Townsend v. Gordon, 308 Mich. 438, 14 N.W.2d 57; Simes, Handbook on the Law of Future Interests § 56 (2d ed. 1966).) The most celebrated case in this regard is In re Rowland's Estate, 73 Ariz. 337, 241 P.2d 781, where the court upheld a testamentary, special, exclusive power of appointment to a class consisting of "my close friends." The court there stated that the term "friends" was in the context of that case sufficiently certain so that any future court could say that any particular person either was or was not a friend.
 7 We choose to follow the Rowland's Estate line of cases and hold that the class created here, "to the organizations in which she knows I am interested in contributing," provides a sufficient standard whereby appointees may be identified by the court. Indeed, challenges to specific appointments made in exercise of the power will be limited to the contention that the organization appointed was not one to which the testator was interested in contributing. The standing to protest the appointment would be limited to those organizations in whom the testator was so interested. A finding in this regard would be consistent with the court's traditional fact finding responsibilities for it should be noted that we are here dealing with an objective standard  organizations in which the testator is "interested". In the context of this case extrinsic evidence of the testator's interest would be available to the court in the event of challenge to any appointment made pursuant to the power. Within the will itself is clear indication of the types of organizations in which he was interested. In addition, proof of interest as evidenced by records of past contributions or other provable evidence of interest demonstrated during testator's lifetime could be considered by the court. Therefore, we find that an objective standard does exist whereby appointees may be identified *667 by the court as falling within the designated class, and that such a standard is sufficient for the court to adequately dispose of any possible challenges should that contingency arise.
Accordingly, for the reasons stated above the judgment of the trial court is hereby affirmed.
Judgment affirmed.
CRAVEN and CLARK, JJ., concur.