883 P.2d 427

**In the Matter of the ESTATE OF Janya KROKOWSKY aka Jeanette Krokowsky, Deceased,**

**Merle FEITLER, Plaintiff/Appellant,**

v.

**David LaCHANCE, Guardian and Conservator for the Estate of Mary M. Brown, Devisee, Defendant/Appellee.**

No. 2 CA–CV 93–0277.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 28, 1993.

Review Granted Nov. 1, 1994.

Jennings, Strouss & Salmon by James M. Ackerman and John R. Becker, Phoenix, for plaintiff/appellant.

Lewis and Roca by Patricia K. Norris, Thomas Klinkel and Greg S. Como, Phoenix, for defendant/appellee.

## OPINION

HATHAWAY, Judge.

This probate case concerns the interpretation of a holographic will. Appellant appeals from an order dated January 14, 1993, construing the will of decedent Janya Krokowsky as devising all of her property to Mary Brown. Appellant is a niece of the decedent, and under the express terms of the will was to receive only a token $100. Appellee is the

conservator of the Estate of Mary Brown, a longtime, close friend of the testatrix and a beneficiary under the will. There is no dispute as to the authenticity or validity of the will. The meaning and effect of several paragraphs of the will are disputed by the parties. However, our determination that the will granted Mary Brown a general power of appointment obviates the need to discuss the remaining issues raised by appellant.

Janya's will reads in full as follows:

My last will and testament, this 30th day of June, 1981

(1) Being of sound mind and body, I wish to make clear the division of my worldly goods in the event of my death. I do not take life for granted and having acquired material things, this clarifies their disposition.

(2) I hereby appoint Mary M. Brown to act with power of attorney for me. With her wisdom she will carry out my wishes. She now resides at 9838 No. 17th St., Phx.

(3) First, I leave my home at 1208 East Solano Drive, Phoenix 85014 Arizona to Mary Brown. In the event of her death, the house minus furnishings is bequeathed to the State of Israel in memory of my beloved mother, Esther Zolonge. The contents of the home can be given to friends whose friendship has been important in my life.

Dr. David LaChance

Charles Braymer

Ruth Dippell

(4) All my investments I leave to my sister, Vishka K. Herbert. They are the following: [list of investments].

(5) Nothing I owned is to be given to Merle Feitler, or members of her family or Howard Shlay and members of his family. A $100 token for each of them is allowed in case of any dispute. I have been very disappointed in their lack of sensitivity and consideration toward my deceased sister, Marion Stein, their mother. Their selfish motivation and self concern is a painful remembrance to me.

(6) To Mary M. Brown, with power of attorney, their [sic] is a savings account at the Willetta branch Valley Nat. Bank to take care of my remains at Greenwood Mausoleum at North Van Buren St. My checking account is for expenses occurring in that regard too. A small Desert Schools Credit Union Act. [sic] 817 will be of further help.

(7) My netsukes are the property of Mary M. Brown. Her acts of caring and devotion have entitled her to many things I valued.

(8) I want no eulogies, a simple grave site Hebrew prayer.

(9) In the event my heirs, my sister Vishka K. Herbert, or Mary Brown are not able to fulfill their part in this my last will and testament an attorney from the Valley Bank trust department designated below can do so.

(10) No bond is required for Mary M. Brown attorney:

signed: Janya Krokowsky Mattes

1208 E. Solano Dr.

Phoenix 14 Az.

June 30, 1981

Witnessed by:

David LaChance          7/6/81

Charles J. Boehmer, Jr. 7-6-81

411 Directesly Art. [writing not decipherable]

The dispute between the parties arose mainly because Janya's sister, to whom the investments were left, predeceased Janya, and Janya did not reside in the "home" bequeathed to Mary Brown in paragraph 3. At the time of her death, she lived in Carmel, California. After her sister's death and her move to Carmel, Janya did not rewrite her will. Appellant's argument is that, as to the investments and the home, Janya died intestate and that under the rules of intestate succession, she is entitled, pursuant to A.R.S. § 14–2101 et seq., to inherit Janya's property with the exception of the netsukes mentioned in paragraph 7 of the will. Citing *In re Estate of Barnes*, 63 Cal.2d 580, 47 Cal.Rptr. 480, 407 P.2d 656 (1965), appellant argues that a disinheritance clause cannot operate to prevent an heir-at-law from taking under the statutory rules of inheritance when the dece-

dent has died intestate as to any of her property. Contending that the will does not contain a residuary clause nor a power of appointment, appellant relies on *Barnes* to claim that she should inherit. Because we find that the will does contain a general power of appointment, *Barnes* is inapposite.

Where, as here, the material facts are "for the most part undisputed [the appellate court's] role is to determine whether the trial court correctly applied the substantive law to these facts." *Miller v. Westcor Ltd. Partnership*, 171 Ariz. 387, 390, 831 P.2d 386, 389 (App.1991).

The paramount consideration in construing a will is to determine and effectuate the intent of the testator. *In re Trust Estate of Wills*, 8 Ariz.App. 591, 594, 448 P.2d 435, 438 (1968). Wills are to be liberally construed to effectuate the testator's intent, including holographic wills like Janya's. *Newhall v. McGill*, 69 Ariz. 259, 266, 212 P.2d 764, 769 (1949) (holographic will made by nonlawyer should be liberally construed); *In re Harber's Estate*, 99 Ariz. 323, 326, 409 P.2d 31, 33 (1965). All words in a will are presumed to have meaning. *Pass v. Stephens*, 22 Ariz. 461, 466, 198 Pac. 712, 714 (1921). The language of the will is not to be ignored or treated as surplusage if some other conclusion is reasonably possible. *In re Rowland's Estate*, 73 Ariz. 337, 342, 241 P.2d 781, 784 (1952). In ascertaining the testator's intent, the will as a whole and the circumstances under which the will was executed should be considered. *Newhall, supra.* Thus, if one provision of a will is subject to differing interpretations, the court may consider other will provisions and the overall plan of distribution to ascertain the meaning of the disputed provision. *In re Estate of Gardiner*, 5 Ariz.App. 239, 240–41, 425 P.2d 427, 428–29 (1967).

In construing a will, the courts apply a presumption of testacy over intestacy. *In re Estate of Vermeersch*, 109 Ariz. 125, 127, 506 P.2d 256, 258 (1973). When two constructions of a will are possible, the one upholding testacy is favored. *Newhall, supra.* The Arizona Supreme Court has explained this presumption as follows:

> The well-established rule is that of two constructions of the language of a will, the one favoring testacy will be followed. "An intestacy is a dernier (last) resort in the construction of wills, and the abhorrence of courts to intestacy under a will has been likened to the abhorrence of nature to a vacuum."

*Newhall,* 69 Ariz. at 266, 212 P.2d at 769, quoting 57 Am.Jur. Wills § 1158 at 755–56 (1948). The presumption of testacy holds true whether the question is one of partial intestacy or total intestacy. *Dolan v. Johnson,* 95 Idaho 385, 509 P.2d 1306 (1973).

The trial court held that Janya intended to grant a general power of appointment to Mary Brown over all the property not specifically devised in the will.[1] As a matter of law, each of the following three requirements must be satisfied to create a power of appointment:

1. The donor of an alleged power must intend to create a power;

2. The donor of an alleged power must indicate by whom the power is held; and,

3. The donor of an alleged power must specify the property over which the power is to be exercised.

*In re Estate of Lewis,* 738 P.2d 617, 619 (Utah 1987), *citing* 72 C.J.S. *Powers* § 8 (1987).

The first two paragraphs of the will, in relevant part, state:

1. Being of sound mind and body I wish to make clear the division of my worldly goods in the event of my death....

2. I hereby appoint Mary M. Brown to act with power of attorney for me. With her wisdom, she will carry out my wishes....

Janya also clearly indicated who was to hold the power, "I hereby appoint Mary M.

---

**1.** There are two types of powers of appointment: general and specific. A power is general if the donee may exercise it in favor of anyone she chooses, and specific if the donee may exercise it only in favor of a particular person or class of persons. *In re Rowland's Estate,* 73 Ariz. at 341, 241 P.2d at 784. The donee of a general power may exercise the power in her own favor and name herself as sole beneficiary. *Id.*

Brown." She also specified the property subject to the power, "my worldly goods." Appellant argues that Janya did not intend to create a power of appointment, but rather intended to appoint Mary Brown personal representative of her estate. We believe that Janya intended to appoint Mary Brown personal representative of her estate. The wording Janya used in making the appointment, however, we believe also discloses an intent that Mary Brown also have a general power of appointment. The provisions of the will noted above support the trial court's conclusion.

Appellant challenges Janya's use of the words "power of attorney" rather than "power of appointment." The average lay person, wanting to have someone act in their stead, in this case because of death, may believe that creating a power of attorney would accomplish the desired result, not questioning whether that power of attorney ceases with death. We accept the trial court's determination that Janya's intent was to create a general power of appointment in favor of Mary Brown.

In view of our holding, appellant's other claims regarding certain assets of the estate as to which she argues Janya died intestate, are moot.

Appellant's final argument is that appellee cannot exercise Mary Brown's general power of appointment because the trial court's judgment does not specifically authorize appellee to so act and no cross-appeal has been filed. Appellant argues, therefore, that we have no jurisdiction to address this issue. We find that there was no need for the judgment to include such authorization for appellee as he can exercise the power of appointment in favor of Mary Brown in his role as conservator.

The issue of whether the conservator of a donee may exercise a power of appointment when the donee is incompetent has not been decided in Arizona. In the absence of a statute or case law on an issue, we look to the Restatement. *Bank of America v. J & S Auto Repairs*, 143 Ariz. 416, 694 P.2d 246 (1985); *Barnum v. Rural Fire Protection Co.*, 24 Ariz.App. 233, 537 P.2d 618 (1975).

The Restatement (Second) of Property (Donative Transfers) § 18.1(2) (1986) states:

If the donee of a nonfiduciary general power to appoint by deed does not have the capacity to make an effective appointment, the legal representative of the donee may make an effective exercise of the donee's power for the benefit of the donee where the legal representative could make an effective transfer of similar owned property for the benefit of the donee, unless the donor has manifested a contrary intent.

*See also* 61 Am.Jur.2d Powers of Appointment § 95 at 201.

■ We find this Restatement section directly applicable. Mary Brown is the donee of a nonfiduciary general power of appointment. She is not limited to exercising the power only by will and the donor has not placed any restrictions on the manner or mode of exercising the power. Given the extensive power conferred upon a conservator under A.R.S. § 14-5424, appellee "could make an effective transfer of similar owned property for the benefit of the donee." He, therefore, can exercise the general power of appointment given Mary Brown in Janya's will.

Affirmed.

DRUKE, C.J., and ESPINOSA, P.J., concur.