## Richmond.

MACHIR & AL. v. FUNK & ALS.

NOVEMBER 9th, 1893.

1. WILLS—*Powers—Executions.*—Where one to whom a will gives power to appoint to whomsoever he chooses, devises the subject of the power, such devise operates as an execution of the power, unless a contrary intention appears from the will.   Code, § 2526.

2. IDEM—*Contingency.*—Where a power is authorized to be executed on a contingent event, it may, unless contrary to the intentions of the party creating it, be executed before (though it cannot take effect until) the contingency happens.

3. IDEM—*Construction—Case at bar.*—E. devised her property equally to P. and C. and to P. as trustee for H. for life, remainder to her issue, and in default of issue, with power to appoint, and in default of appointment, to P. and C.; and provided that if C. died without issue, her share should go to P. and to P. as trustee for H., with power of appointment in H.   H. predeceased P. and C.  By her will, which made no allusion to the power or its subject, after some specific legacies, H. gave the residue to J., who conveyed it to P. and C.   Afterwards C. died without issue, having devised her estate to N.

HELD :
    (1) The will of H., though executed in the lifetime of C., was a valid execution of the power.
    (2) The interest devised by C. to N. in E.'s estate, amounted to one-fourth thereof.

4. *Tax Sale.*—The validity of a sale of land delinquent for non-payment of taxes, which is regular on its face, cannot be assailed collaterally.

Argued at Staunton.   Decided at Richmond.

Appeal from decree of circuit court of Shenandoah county, rendered April 6, 1892, in a suit in equity wherein James W.

Machir and others were plaintiffs and Noah Funk and others were defendants. The principal object of the suit was the sale of certain real estate situate in the counties of Shenandoah and Warren, which had been devised by Elizabeth Machir, deceased, with a view to a division of the proceeds among those entitled thereto. By the decree appealed from, it was, among other things, held that the appellee, Funk, as sole devisee of his deceased wife, Catharine S. Funk, was entitled to one-fourth of the proceeds of the sales of the said real estate, including a lot of something over nine acres, which had been previously sold for taxes, and conveyed by the purchaser to the plaintiffs, appellants here. Other facts are stated in the opinion.

*Walton & Walton* and *E. E. Stickley*, for appellants.

*John J. Williams* and *Williams & Bro.*, for appellees.

LEWIS, P., delivered the opinion of the court.

The case turns largely upon the construction of the will of Elizabeth Machir, deceased, which was admitted to probate in 1848, soon after the death of the testatrix. The second and third clauses of the will are as follows:

" Second. I will and direct that all my estate, real and personal, be equally divided into three parts. One part I give and devise to my son, Philip A. Machir, one to my daughter, Catharine S. Funk, and the other third to my son Philip A. Machir, in trust for the separate use of Harriet Machir, wife of my son, Joseph S. Machir, for and during her natural life, remainder to the children of said Joseph S. Machir and said Harriet and the descendants of any children who may be dead, such descendants taking their parents' shares, and in default of such issue, to such person or persons as the said Harriet by her last will and testament or by deed executed in the presence

of two or more witnesses shall direct.   And in default of such deed or will to the said Philip A. Machir and Catharine S. Funk, equally to be divided; each of said shares to be charged with advancements made or to be made either to said Philip A., Catharine S., or Joseph S. Machir, in order to equalize them, or to P. A. Machir in trust as aforesaid.

"Third. In case my daughter, Catharine S. Funk, shall die without children or descendants at her death, her share is to be equally divided between my son, Philip A. Machir, and my said son, P. A. Machir, in trust for said Harriet Machir and children, with power of appointment and limitation over as aforesaid."

Harriet Machir died in 1878, leaving Philip A. Machir and Catharine S. Funk surviving her.   She had no child, but left a will whereby she disposed of her whole estate.   No reference, however, is made in the will to the power under the will of Elizabeth Machir, nor is the property comprised in it mentioned, and she had considerable property of her own, which, or the most of which, was specifically disposed of.   But the will contains a residuary clause as follows: "All the rest and residue of my estate shall be sold after my death by my executors hereinafter named, and after paying all my just debts and the legacies aforesaid, the residue, if any, I give to Mary Ellen Jamison."

By deed of the 9th of February, 1881, Charles W. Jamison and the said Mary Ellen, his wife, conveyed to Philip A. Machir and Catherine S. Funk all the interest and title derived by them, or either of them, under the will of Harriet Machir in and to the estate of Elizabeth Machir, deceased, situate in Shenandoah and Warren counties, in this State, from which source the fund in controversy in the present case arose.

On the 29th of January, 1891, Catherine S. Funk died, she having survived both Harriet and Philip Machir.   She died without children or descendants, and by her will devised her whole estate, real and personal, to her husband, Noah Funk.

In this state of things, the first question to be determined is, What is the interest in the estate of Elizabeth Machir, deceased, to which Mrs. Funk was entitled at her death ? By the second clause of her will, above quoted, the testatrix directed her estate to be divided into three equal parts. One third she gave to her son, Philip; another third she gave to Mrs. Funk; and the residue she gave in trust for Harriet Machir for life, and in default of issue at her death, then to such person or persons as the said Harriet might by deed or will appoint; and in default of such appointment, to Philip Machir and Mrs. Funk, in equal shares.

The appellants contend that Harriet Machir died without exercising the power of appointment, and that, no child having been born to her, the interest which was devised to Philip Machir, trustee, passed at her death to Philip Machir and Mrs. Funk. The ground of the first branch of this contention is, that inasmuch as the will of Harriet Machir neither refers to the power nor to the property embraced in it, there is nothing to show an intention on her part to execute it. But the common-law rule on this subject, which was recognized in *Blake* v. *Hawkins*, 98 U. S., 315; *Lee* v. *Simpson*, 134 *Id.*, 572, 590; and *Hood* v. *Haden*, 82 Va., 588, has, to a certain extent, been altered by statute in Virginia. That statute, now carried into section 2526 of the Code, enacts that "a devise or bequest shall extend to any real or personal estate (as the case may be) which the testator has power to appoint *as he may think proper*, and to which it would apply if the estate were his own property, and shall operate as an execution of such power, unless a contrary intention shall appear by the will."

Here the testatrix being empowered to appoint the property as she chose (*i. e.*, to whom she chose), the residuary clause in her will operates, by force of the statute, as an execution of the power, a contrary intention not appearing by the will. Under such a statute, where it is not intended to exercise a

general power, the intention to exclude the property should be stated on the face of the will. 1 Sugd., Pow., 368.

This being so, the property, *i. e.*, the subject of the power, passed under the residuary clause of the donee's will to Mrs. Jamison, and afterwards, by the deed of the 9th of February, 1881, to Philip A. Machir and Mrs. Funk, each taking one-half, which was equivalent to *one-sixth* of the estate devised by Elizabeth Machir. We say the property passed to Mrs. Jamison as residuary devisee, because, although the will directs it to sold by the executors, the obvious intention was to confer on the executors a naked power. 1 Lom., Executors, 218; *Mosby's adm'r* v. *Mosby's adm'r*, 9 Gratt., 584; *Elys* v. *Wynne*, 22 *Id.*, 224.

As to the interest devised by Elizabeth Machir to Mrs. Funk directly, little need be said. By the third clause of the will it is provided that in the event of Mrs. Funk's death without leaving children or descendants, her share (*i. e.*, the one-third devised by the second clause) is to be equally divided between Philip Machir in his own right and as trustee of Mrs. Harriet Machir and children, with power of appointment on the part of Mrs. Machir in the event specified; that is to say, she (Mrs. Funk) took a defeasible fee simple with a contingent limitation over. She died without issue, whereupon "her share" was equally divided into two parts, one of which passed to the representatives of Philip Machir, according to the doctrine of *Medley* v. *Medley*, 81 Va., 265, the other under the will of Harriet Machir to her appointee, Mrs. Jamison, whose entire interest in the property, vested and contingent, was conveyed to Philip Machir and Mrs. Funk by the deed of the 9th of February, 1881.

That the power of appointment was well executed by the will of Harriet Machir, although the will was executed and the testatrix died in the lifetime of Mrs. Funk, is unquestionable. This is so in view of the statute, above quoted, and the

established common-law rule that where a power is authorized to be executed on a contingent event, it may, unless contrary to the intention of the party creating it, be executed before (though it cannot take effect until) the contingency happens. 1 Sugd. Pow., 332.

Hence, the interest in the estate of Elizabeth Machir to which Mrs. Funk at her death was entitled was one-sixth *plus* one-twelfth, which is equal to one-fourth, except the nine-acre lot in the proceedings mentioned.

It seems that some time before the commencement of the present suit this lot was sold as delinquent for nonpayment of taxes assessed against Mrs. Funk. It was purchased by one Keister, who subsequently sold and conveyed it to the appellants. The tax sale was duly reported to the county court and confirmed. A survey was also made and reported, as required by the statute, and afterwards a deed was made by the clerk of the county court to the purchaser. The effect of these proceedings, which for aught the record shows were regular, was to divest the title of Mrs. Funk and to transfer it to Keister; and their validity cannot be collaterally assailed. The case of *Hitchcox* v. *Rawson*, 14 Gratt., 526, is a sufficient authority on this point.

AFFIRMED IN PART AND REVERSED IN PART.