# Richmond.

## GASKINS v. FINKS.

### JANUARY 11th, 1894.

POWERS—*Executions—Case at bar.*—Where husband devised his estate to his
wife with power to dispose of it by will, *held,* she cannot execute the
power by a conveyance during her lifetime, such conveyance being not
merely such a defective attempt to execute the power as a court can-
not aid and remedy, but in plain disregard of it.

Appeal from decree of circuit court of Culpeper county, ren-
dered September 16, 1891, in the chancery cause of Gaskins
*v.* Finks and others. The lower court dismissed the bill and
the complainant appealed. Opinion states the case.

*J. C. Gibson,* for appellant.

*Hill & Jeffries,* for appellees.

LACY, J., delivered the opinion of the court.

The controversy in this case is within a narrow compass.
William Hurt, by his will probated February 16, 1852, pro-
vided, among other things: "Secondly. I give and devise to
my beloved wife, Maria Louise Hurt, the whole of my estate,
real and personal, during her widowhood, with full power and
authority to dispose of the same by her last will and testament
in any manner she may think proper. Thirdly. In case my
wife should marry again, it is my desire that my wife shall

only have such part of my estate as she would be entitled to by law in case I had died without making any will." Mrs. Hurt never married, and died in 1888, devising by her will the lands of William Hurt to the appellees in general terms. However, in 1867, she had during her life conveyed 16½ acres of this land to one Miller, and executed a penal bond to protect him against the defeat of his title thus acquired by her marriage or by her will. Miller conveyed to one Collins, who conveyed it to the appellant Gaskins. In August, 1889, the appellees brought ejectment for this land against Gaskins, who stayed the action of ejectment by bill of injunction. At the hearing, the circuit court sustained the demurrer of the defendant, and dismissed the bill, and the plaintiff appealed.

This decree is plainly right. Mrs. Hurt had a limited estate during her widowhood only, to which was added the power of appointment by will unrestricted. This power she could execute only according to its terms. The execution of the deed during her life was not a defective attempt to execute the power which the court can aid and remedy, but in plain disregard of it; and so understood by her and her vendee, as is shown by the penal bond executed at the time, intended to protect him in case of her failure to make the conveyance good by her will. *Freeman* v. *Eacho*, 79 Va., 43. In *Hood* v. *Haden*, 82 Va., 592, it is said: "Upon this point the law is very exact, and the cases uniformly hold that all the forms and conditions annexed to the exercise of a power must be strictly complied with. Thus, if a deed be required, the power cannot be executed by a will, and if a will be required, that mode alone will suffice." Citing *Doe* v. *Thorley*, 10 East, 438. There is no question better settled in the authorities, and the decree of the circuit court appealed from appears to be plainly right, and must be affirmed.

DECREE AFFIRMED.