# CIRCUIT COURT OF WARREN COUNTY

Frank Mastrapasqua,
executor, et al.

v.

Regina Mastrapasqua

February 16, 2001

Case No. (Chancery) 00-117

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on February 15, 2001, for trial on the issues of whether the Defendant was required to repay a legacy which had been mistakenly paid to her. The parties appeared in person with their counsel: Joseph F. Silek, Jr., and Robert J. Light, Esquires, appeared for the Plaintiffs; and Ron L. Napier, Esquire, appeared for the Defendant. Evidence was heard and argued. Upon consideration whereof, the Court has decided that the Plaintiff is entitled to recover the $30,000 legacy from the Defendant, which was mistakenly paid to her by the executor.

## I. *Findings of Fact*

The following facts are found by the greater weight of the evidence.

The Defendant is the widow of the decedent. In 1996, the Defendant sold her home and moved into the decedent's home in Warren County.

On April 22, 1997, the decedent executed his will, the pertinent portions of which provide:

SECOND: I suggest and recommend that all my real estate located at 336 McCoy's Ford Road, Front Royal, Virginia 22630, shall be sold by my Executor, and all expenses in connection with such sale shall be paid as expenses of administering my estate, and the proceeds of such sale shall be paid and distributed as hereinafter provided in this will.

THIRD: I give the sum of Thirty Thousand Dollars ($30,000.00) to Regina Moyer, if she survives me. These funds I give so Regina Moyer can relocate from my current residence located at 336 McCoy's Ford Road, Front Royal, Virginia 22630, after it is sold pursuant to my instructions in my Last Will and Testament. Until such time as my residence is sold, Regina Moyer may occupy said residence located at 336 McCoy's Ford Road, Front Royal, Virginia 22630, free of charge provided that she assist my Executor in the preparation of the sale and the completion of the sale of my residence as soon as practical after my death.

FOURTH: If, prior to my death, I should marry Regina Moyer and make her my legal and lawful wife, and provided that she survives me, I only grant to her pursuant to this will the smallest portion of my estate, if any, required to be given to my wife under applicable Virginia law, after taking into account the aggregate value of any other property passing to her under this will or otherwise. It is my desire and intent that should Regina Moyer become my wife after the execution of this my Last Will and Testament, that she be disinherited by me to the fullest extent permitted by law. All provisions of this will, including without limitation any provisions which may refer to persons taking by intestacy, shall be construed to effectuate such disinheritance of Regina Moyer should she become my wife. I authorize my Executor to give to Regina Moyer, should she become my wife, such cash or property, outright or in trust, as my Executor may deem appropriate for the purpose of minimizing the effect of any right of election or similar statutory right to any portion of my estate which my wife may have under the laws of any jurisdiction.

The testator's five children were the residuary beneficiaries of his will, so to the extent that the Defendant receives more than she is entitled to, their shares of the residuary estate are proportionately reduced.

On June 27, 1997, the Defendant and the testator married, and on November 29, 1997, the testator died.

On February 28, 1998, the decedent's will was probated and the Plaintiffs qualified as executor and administrator, *c.t.a.*, respectively.

After her husband's death, the Defendant lived in the marital residence for two years while the house was on the market. When the marital residence was sold, the Defendant told Frank Mastrapasqua, the executor, that she wanted to buy a house.

Both Frank Mastrapasqua and the Defendant mistakenly believed that the Defendant was entitled to the $30,000 bequest under Paragraph Third of the Decedent's will, so Frank Mastrapasqua paid her the $30,000 bequest, without a refunding bond, and he loaned her an additional $30,000.00 from his personal business. The $30,000.00 loan was evidence by a Deed of Trust Note dated June 30, 1998, and was secured by a Deed of Trust. In May 1999, the Defendant repaid this loan in full.

The Defendant did not make any formal elections with respect to her potential statutory shares and allowances as the Decedent's widow, but she received life insurance proceeds of $230,000 as a result of a life insurance policy owned by the decedent at his death, $24,595.57 in survivorship bank accounts, and a federal tax refund from the decedent's estate of $347.00, a total of $254,943.07.

The Decedent's total augmented estate was approximately $602,075, and one third of that amount is $200,691.66, which is the potential widow's statutory share of the augmented estate.

The Executor asked that the Defendant refund to him the $30,000, which he mistakenly paid to her, and she has refused.

## II. *Conclusions of Law*

As the Supreme Court stated in *Gaymond v. Gaymond*, 258 Va. 225, 230, 519 S.E.2d 142 (1999):

> The legal principles applicable to the construction of a will are well established. The objective in construing a will is to determine the testator's intent by initially looking to the four corners of the document. Extrinsic evidence may be considered only if the language of the will is ambiguous, that is, susceptible to more than one interpretation.

Paragraphs Third and Fourth of the testator's will are clear and unambiguous, so there is no need to consider any extrinsic evidence to construe the will. *Gillespie v. Davis*, 242 Va. 300, 303, 410 S.E.2d 613, 615 (1991). Since the

Defendant married the decedent, Paragraph Fourth of the decedent's will contemplated that the Defendant would receive no interest under the decedent's will, but rather would receive her statutory share of the decedent's augmented estate.

Paragraph Fourth further provided that the Executor had discretion to give to the Defendant "such cash or property, outright . . . as my Executor may deem appropriate for the purpose of minimizing the effect of any right of election or similar statutory right to any portion of my estate. . . ." Absent specific authority granted in the will, an executor may not make gifts of the assets of the estate. Since the specific bequest to the defendant in Paragraph Third of the will was vitiated by Paragraph Fourth of the Will, the executor had no authority absent that set forth in Paragraph Fourth to give any estate property to the Defendant. Paragraph Fourth created a special power of appointment, which would appear to be both a special power, because there was only one potential beneficiary of the power's exercise, and a limited power, because it was limited to the purpose of "minimizing the effect [on the defendant] of any right of election or similar statutory right to any portion of the estate."

In 62 Am. Jur. 2d, *Powers*, § 6, it is stated:

A power may be created for any lawful purpose and to do any act which the grantor might himself do. When the intention to create a power is plain it should be given effect; no technical or special form of words is necessary. Any expression, however informal, is sufficient if it clearly indicates an intention to give a power. It may be conferred by express words, or it may necessarily inferred.

In *Holzbach v. United Va. Bank*, 216 Va. 482, 484, 219 S.E.2d 863 (1975), the Supreme Court noted:

A power of appointment is a unique legal creature. It is created, never by implication or by operation of law, but only by deliberate act. . . . The general rule is that a donor may impose particular conditions and requirements upon the power and the manner in which it must be exercised. "The donor may select his conduit and indicate the manner in which the power must be executed," *Browning v. Bluegrass, etc., Co.*, 153 Va. 20, 35, 149 S.E. 497, 501 (1929), and "all the forms and conditions annexed to the exercise of a power must be strictly complied with. . . ." *Gaskins v. Finks*, 90 Va. 384, 385, 19 S.E. 166 (1894). *See generally* 5 W. Bowe and D. Parker, *Page on the Law of*

*Wills*, § 45.12 (1962); 4A G. Thompson, *Real Property*, § 2028 (Repl. Vol. 1960).

In *Lynch v. Hyatt*, 244 Va. 566, 569, 423 S.E.2d 165 (1992), the Supreme Court noted:

> Powers of appointment must be construed in accordance with the intention of the donor. *Holzbach*, 216 Va. at 486, 219 S.E.2d at 871-72; *Davis*, 130 Va. at 198, 107 S.E. at 758. Thus, while the will must reflect with certainty the donor's intent to create a power, the donee's exercise of the power is valid as long as it does not exceed the authority given the donee in the grant of power. *In re Lidston's Estate*, 32 Wash. 2d 408, 422, 202 P.2d 259, 267 (1949).

The $30,000 distribution was mistakenly paid to the Defendant, because both the executor and the Defendant mistakenly believed that the Defendant was entitled to receive the $30,000 bequest under Paragraph Third of the will. The money was paid pursuant to the special limited power for the purpose of "minimizing the effect of any right of election. . . ."

In *Criterion Ins. Co. v. Fulgham*, 219 Va. 294, 247 S.E.2d 404 (1978), the Supreme ruled that there is an equitable rule that one who voluntarily and without compulsion pays money subject to a mistake of law on a demand not legally enforceable against him with full knowledge of all the facts or with the means of such knowledge cannot recover the payment absent fraud or improper conduct on the part of the payee. However, this rule will not be applied to reach an inequitable result. Moreover, in this case there was a mutual mistake of law in that both the executor and the Defendant mistakenly believed that the Defendant was entitled to the $30,000 bequest under Paragraph Third of the will. "[W]here distribution is made [under a will] to a person whom all parties involved honestly believed to be a beneficiary, the real beneficiary is entitled to recover in a court of equity from the distributee on the theory of unjust enrichment." 31 Am. Jur. 2d, *Executors and Administrators*, § 1065. To permit the widow to retain the $30,000 to which she is not entitled, when she has already received more than the statutory share of the augmented estate would unjustly enrich her at the expense of the decedent's children. Therefore, the Executor is entitled to judgment against the Defendant with interest thereon until paid from February 15, 2001.

The Plaintiffs failed to prove that they are entitled to recover the $347.00 federal income tax refund, which the I.R.S. paid to the Defendant.