# CIRCUIT COURT OF THE CITY OF RICHMOND

Harvey O. Freeman, Sr.,
Executor of the Will
of Lillian M. Taliaferro,
Deceased

v.

Kate Pryor Anderson et al.

June 28, 2001

Case No. HN-1699

BY JUDGE T. J. MARKOW

Plaintiff, executor of the will of Lillian M. Taliaferro, filed a Bill of Complaint pursuant to the provisions of § 8.01-184 *et seq.* of the Code of Virginia for aid and guidance as to the proper construction and interpretation of the will.

The Sixth and Seventh clauses of the will are at issue in this proceeding. The Sixth clause states, "I hereby request that the administrator of my estate shall give gifts to those persons whose names are listed on the volunteer list dated February 6, 1980." The Seventh clause states:

I hereby request that the administrator of my estate shall give gifts to others whose names are not on the volunteer list but have rendered unlimited services for me. Such persons as:
Andrew Smith
Boy working with Smith
Harvey Freeman, Jr.
Others who may in future render service.

The First clause appoints Harvey O. Freeman, Sr., to be the administrator. The parties exchanged a writing that is dated February 6, 1980, that the plaintiff purports is the volunteer list referenced in the will. The writing contains the following names: Gertrude B. Freeman, Harvey O. Freeman Sr., Thomas M. Moye, Cloyte B. Moye, Andrew C. Epps, and Kate Pryor Anderson. A certified copy of the list of heirs shows that Jimmy Underdue is the sole heir of Lillian Taliaferro should her estate pass by intestacy.

At a January 22, 2001, hearing, counsel and the court determined that the relevant issue was whether clauses six and seven constituted a residuary clause, a power of appointment, or neither. Plaintiff argues that the clauses are either a residuary clause or a power of appointment; therefore, the estate should pass to the named legatees. Jimmy Underdue argues that clauses six and seven are neither a residuary clause nor a power of appointment; therefore, the clauses are void for vagueness and the estate should pass under the law of intestate succession.

Clauses six and seven of the will do not constitute a power of appointment. In determining the validity of a limited power of appointment, the Supreme Court stated that a donor must unambiguously express an intent to create a limited power of appointment. *See Leach v. Hyatt*, 244 Va. 566 (1992). Furthermore, powers of appointment cannot be created by implication. *See Holzbach v. United Virginia Bank*, 216 Va. 482 (1975). Ms. Taliaferro's language in clauses six and seven does not constitute an unambiguous expression of intent to create a power of appointment and, given the Court's declaration in *Holzbach*, this court cannot find that an implied power of appointment was created by Ms. Taliaferro.

The court finds that the clauses at issue, however, do constitute a residuary clause. The court is guided by several well-established presumptions. The first presumption is that "every testator intends to dispose of his entire estate." *Arnold v. Groobey*, 195 Va. 214, 225 (1953). Similarly, there is a presumption against intestacy. *See Arnold*, 195 Va. at 225. Finally, the testator's intention should control provided that such intention is not inconsistent with a rule of law. *See*, 195 Va. at 219.

Furthermore, it is not necessary for a testator to use certain words when attempting to create a residuary clause. "Any expression is sufficient from which the testator's intention is discernible that the person designated shall take the surplus." *Id.* at 221-22.

In this case, the testatrix clearly stated in the opening paragraph of her will, "I intend to dispose of my entire estate." The only clause in the will, aside from the clauses at issue, that disposes of any property is the Fifth clause which grants a piano to a certain church. The Certificate of Fiduciary, filed by

the executor, indicates that Ms. Taliaferro's estate contains $38,190.94 in bank accounts and real property valued at $266,575.

Given the size of the estate and the fact that the first five clauses of the will dispose of only one item of personal property, it seems apparent that the testatrix's intent was that the remaining two clauses were to act as a residuary clause and were to dispose of the remainder of her estate. This conclusion is supported by Ms. Taliaferro's stated intent to dispose of her entire estate and is not contradictory to the relevant presumptions. For the reasons stated above, the court finds that the Sixth and Seventh clauses of Ms. Taliaferro's will should be treated as a residuary clause.

The court further finds that the gifts in the Seventh clause to "Boy working with Smith" and to "Others who may in future render service" are void for uncertainty. Pursuant to Va. Code § 64.1-65.1, their shares shall pass to the other residuary legatees.

Defendant Underdue argues that the volunteer list referenced in the will should not be used to determine who takes under the will. Virginia recognizes the doctrine of incorporation by reference and there are three requirements in order for the doctrine to apply. The first requirement is that the paper sought to be incorporated by reference must have been in actual existence at the time of the will. Second, the face of the will must indicate that it is a paper in existence at that time. Finally, the paper must be identified and described with reasonable certainty in the will. *See Tripplet's Ex'or v. Tripplet*, 161 Va. 906 (1934); *Lawless v. Lawless*, 187 Va. 511 (1948).

Each of these three requirements has been met with respect to the volunteer list. The list is dated at the top February 6, 1980, and a handwritten addition is dated April 8, 1980. As the will is dated June 18, 1980, all portions of the list were in existence at the time of the will.

The will identifies the paper as the "volunteer list dated February 6, 1980." The paper itself does not contain the words "volunteer list" but states that those listed "have consented and agreed to look after, care for the welfare and well being of Lillian M. Taliaferro. Each shall assume responsibilities interchangeably." That language coupled with the context of the Sixth and Seventh clauses satisfies the court that the will identified and described with reasonable certainty the volunteer list.

It is hereby ordered that the executor equally divide the remaining estate between Andrew Smith and Harvey Freeman, Jr., named in the Seventh Clause, and between those persons whose names are listed on the volunteer list dated February 6, 1980.